Date signed September 30, 2013



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| STEVE HESSLER, | * | Case No. 09-13371-JS |
| Debtor | * | Chapter 7 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| STEVE HESSLER, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 11-00992-JS |
| STATE OF MARYLAND<br>CONSUMER PROTECTION DIVISION, | * | |
| | * | |
| Defendant | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### *MEMORANDUM OPINION GRANTING*
### *DEFENDANT'S MOTION TO DISMISS*

The matters before the Court are the defendant's motion to dismiss the instant

adversary proceeding and its motion for summary judgment. For the following

reasons, the motion to dismiss will be granted thereby dismissing the instant adversary proceeding with prejudice, and the Chapter 7 case will once again be closed.

***FINDINGS OF FACT***

1.   On May 14, 2008, the Consumer Protection Division of the Office of the Attorney General for the State of Maryland ("the Division"), filed a Statement of Charges ("SOC") in the Maryland Office of Administrative Hearings ("the OAH") against Steven Hessler[1] ("Hessler") and Charm City Builders, Inc. ("Charm City"), to cease and desist certain unlawful practices, to pay restitution and economic damages on behalf of consumers James Rostek, Donna Wade and John Hessler ("the aggrieved consumers"), in addition to civil penalties and costs.  The SOC alleged, among other things, that Hessler and Charm City fraudulently obtained a home builder registration by misrepresenting in their application that they did not collect deposits from consumers that exceeded 5% of the purchase price and that they failed to disclose to the Division the existence of various lawsuits and judgments against them.  The SOC also alleged that Hessler and Charm City engaged in acts of fraud, misrepresentation, or knowing omissions of material facts related to home building contracts in violation of provisions of the Maryland Consumer Protection Act ("CPA"), Md. Com. Law

---

[1]Hessler is referred to in the captions of his bankruptcy case and this adversary proceeding as "Steve," but also as "Steven" in various pleadings filed by his counsel and by the Division.

Code §§ 13-101 *et. seq.*, (2005 Repl. Vol. and 2011 Supp.), the Maryland Home

Builder Registration Act ("HBRA"), Md. Bus. Reg. Code §§ 4.5-101 *et. seq.*, (2010

Repl. Vol. and 2011 Supp.), and the Maryland Custom Home Protection Act

("CHPA"), Md. Real Prop. Code §§ 10-501 *et. seq.*, (2010 Repl. Vol. and 2011

Supp.).

2.  On December 19, 2008, the OAH issued a proposed decision finding Hessler

in violation of the above-referenced laws and recommended relief.

3.  On February 28, 2009, Hessler filed the instant Chapter 7 bankruptcy case.

On October 7, 2009, he received a discharge in bankruptcy [P. 34] and a Final Decree

[P. 35] was entered the same day, which closed his bankruptcy case.

4.  On August 5, 2011, the OAH issued a Final Order finding Hessler in

violation of the above-referenced laws and directing payment to the Division of

restitution in the amount of $111,637.74, pursuant to § 13-403(b)(1) of the Consumer

Protection Act.  The restitution purportedly represented deposits and other payments

collected by Hessler from the aggrieved consumers, in addition to civil penalties and

costs.

5.  On October 11, 2011, Hessler filed a motion to reopen the bankruptcy case

[P. 38], in order to file the instant complaint  against the Division for violation of the

3

automatic stay.  On November 18, 2011, over the Division's objection [P. 43], the Court [Keir, C.J.] granted the motion to reopen by order of even date [P. 45].

6.  On December 19, 2011, Hessler filed the instant complaint challenging the Division's attempt to collect the restitution, on the basis that it represented a violation of the automatic stay provisions of Section 362(a) of the Bankruptcy Code.[2]

_____

[2]Section 362(a) of the Bankruptcy Code provides, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

*CONCLUSIONS OF LAW*

## SUBJECT MATTER JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1409.  This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

## MOTIONS TO DISMISS GENERALLY

2.  Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint that fails to state a claim upon which relief can be granted.  Pursuant to Rule 12 (b)(6),[3] the Court must accept as true all well-pleaded allegations contained

---

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a).

[3]Federal Rule of Civil Procedure 12(b)(6) provides, as follows:

**Rule 12.   Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions;**

5

in the complaint, and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

3.  According to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L. Ed.2d 929, 949 (2007), a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.*

4.  A claim has "facial plausibility" when the well pleaded facts allow the court to draw a "reasonable inference" that the elements of the claim have been satisfied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009).

---

### Waiving Defenses; Pretrial Hearing

(b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

\*          \*          \*          \*

(6) failure to state a claim upon which relief can be granted[.]

Fed. R. Civ. P. 12(b)(6).

**DECISION**

5.  The claims alleged in the instant complaint are facially implausible for the reasons presented, *infra*.

6.  Count I of the complaint alleged that the restitution ordered to be paid by Hessler was discharged as being restitution payable for the benefit of the aggrieved consumers, and not as a fine nor a forfeiture, nor penal in nature.  The debtor cited Section 523(a)(7) for the proposition that only a "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and [that] is not compensation for actual pecuniary loss" is excepted from discharge.[4]

---

[4]Section 523(a)(7) provides, as follows:

**§ 523. Exceptions to discharge.**

(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty–

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition[.]

11 U.S.C. § 523(a)(7).

7.  However, Section 523(a)(7) contains the following three elements: (1) the debt must be a "fine, penalty, or forfeiture;" (2) the debt must be "payable to and for the benefit of a governmental unit;" and (3) the debt must not be "compensation for actual pecuniary loss."  In *Kelly v. Robinson*, 479 U.S. 36, 53, 107 S.Ct. 353, 93 L. Ed.2d 216 (1986), the Supreme Court interpreted that section to hold nondischargeable both criminal and civil penalties imposed against a debtor, including those designed to provide restitution to injured private citizens.  After the *Kelly* decision was handed down, Congress enacted 11 U.S.C. § 523(a)(13), which provided a separate, particularized provision for nondischargeable debt, namely "for any payment of an order of restitution issued under title 18, United States Code;[.]"  *Id.*

8.  In *State of Illinois v. Towers ( In re Towers)*, 217 B.R. 1008, 1013-16 (N.D. Ill. 1998), it was held that Section 523(a)(13) did not overrule *Kelly* in its broad reading of Section 523(a)(7).  In other words, Title 18 of the United States Code is not the sole basis of holding an order of restitution to be nondischargeable.  As the court said in *Towers*:

> . . .The State relies heavily on *United States Dept. of HUD v. CCMV*, 64 F.3d 920 (4th Cir. 1995), in support of its position that civil restitution orders are in fact nondischargeable.  In *CCMV*, the Fourth Circuit found that a civil order requiring the disgorgement of ill-gotten profits assessed against a land developer that failed to comply with the registration and disclosure provisions of the Interstate Land Sales Full Disclosure Act, was excepted from discharge under § 523(a)(7).  *Id*.  The court followed

the "broad reading" the Supreme Court had given to § 523(a)(7) in *Kelly* and *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 562, 110 S.Ct. 2126, 2132–33, 109 L. Ed.2d 588 (1990) (stating that § 523(a)(7) applies to both criminal and civil fines), *superseded by statute on other grounds*, in finding that the disgorgement was "penal" in nature and therefore nondischargeable.  *Id.* at 928.  The court stated that "so long as the government's interest in enforcing a debt is penal, it makes no difference that injured persons may thereby receive compensation for pecuniary loss.  In other words, the 'not compensation for actual pecuniary loss' phrase in § 523(a)(7) refers to the government's pecuniary loss." *Id. (emphasis in original).* Under CCMV, then, a civil order may be nondischargeable if it advances the state's penal interests, irrespective of whether individual victims may eventually be compensated for their losses or the government may be compensated for its loss.

*Towers*, 215 B.R. at 1015-16. [Footnote omitted.]

9.  Maryland law has "construed the restitution provision of the [Consumer Protection] Act to embody the state's interest in disgorging the benefit from the violator."  *Edmond v. Consumer Protection Division (In re Edmond)*, 934 F.2d 1304, 1310 (4th Cir. 1991).  To restate the proposition, ***as long as the government's interest in enforcing a debt is penal in nature, it is immaterial that injured persons may receive compensation for pecuniary loss.***  *U.S. Dep't of Housing & Urban Dev. v. Cost Contr. Mkt'g & Sales Mgt. of Va.*, 64 F.3d 920, 928 (4th Cir. 1995).

10.  In the instant case, the restitution that was ordered is a fine, penalty of forfeiture, is payable to and for the benefit of a governmental unit and does not constitute compensation for actual pecuniary loss within the meaning of the section.

9

11.  Because the debt in question is nondischargeable under the Bankruptcy Code, Count I will be dismissed.

12.  Count II alleged that the defendant violated the automatic stay provisions of 11 U.S.C. § 362, by proceeding against the plaintiff in the Circuit Court for Anne Arundel County, Maryland.  However, the Division's enforcement action was an exercise of its police and regulatory powers to protect Maryland consumers and therefore is not subject to the automatic stay.  All of the statutes in the Statement of Charges alleged to have been violated by the plaintiff, are consumer protection statutes enacted to protect the public. Congress intended to exclude actions involving consumer protection laws from the automatic stay under 11 U.S.C. § 362(b)(4),[5] and

---

[5]Section 362(b)(4) provides, as follows:

(b)  The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay–

(4)  under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]

"the legislative history provides that where a governmental unit is suing a debtor to prevent or stop a violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violations of such a law, the action or proceeding is not stayed under the automatic stay." *Consumer Prot. Div., Office of the AG v. Luskin's, Inc. (In re Luskin's, Inc.*, 213 B.R. 107, 110 (D. Md. 1997), quoting H.R. Rep. 95–595, 95th Cong., 1st Sess. 342–3 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5838, 6299.

13.  Because this Court has determined that 11 U.S.C. § 362(b)(4) is applicable here, it is unavailable to the plaintiff as a basis for a valid claim.  Therefore, Count II of the complaint will be dismissed also.

14. Count III alleged that the Division violated the discharge injunction of the Bankruptcy Code by proceeding against the plaintiff.  It asserted that the Final Order, issued almost two years after the entry of the plaintiff's discharge, was a violation of 11 U.S.C. § 524(a).[6]

---

11 U.S.C. § 362(b)(4).

[6]Section 524(a) provides, as follows:

### § 524. Effect of discharge.

(a) A discharge in a case under this title –

11

15.  Because this opinion holds that the plaintiff's obligation to pay restitution is a nondischargeable debt, pursuant to 11 U.S.C. § 523(a)(7), the discharge injunction 11 U.S.C. § 524 is not applicable, and the injunction was therefore not violated by the Division.   Accordingly, Count III will be dismissed.

16.  The fourth count of the complaint averred that the defendant, through its agents, servants and employees, willfully and intentionally violated the provisions of

---

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(A).

11 U.S.C. §§ 362 and 524.  Count IV will be dismissed likewise, because this Court has held that the Division did not violate 11 U.S.C. §§ 362 and/or 524.

WHEREFORE, the Division's motion to dismiss will be GRANTED, the instant complaint will be and DISMISSED WITH PREJUDICE and the Chapter 7 bankruptcy case will be CLOSED.

**ORDER ACCORDINGLY.**

cc:     Richard J. Hackerman, Esq.
        116 W. University Pkwy, Ste 102
        Baltimore, Maryland  21210
        Counsel for the Plaintiff

        Jetson Hamer, Esq.
        Office of the Attorney General of Maryland
        200 St. Paul Place, 16th Floor
        Baltimore, Maryland  21202
        Counsel for the Defendant State of Maryland

        Mr. Steven Hessler
        15 Bar Harbor Road
        Pasadena, Maryland  21122
        Plaintiff/Debtor

        Office of the United States Trustee
        U. S. Courthouse, Suite 2625
        101 W. Lombard Street
        Baltimore, Maryland  21201